Hon. Lonny R. Suko

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT SPOKANE

| | |
|---|---|
| RICHARD CHASE,<br><br>    Plaintiff,<br><br>  v.<br><br>DELTA MANAGEMENT ASSOCIATES,<br>INC., a Massachusetts Corporation.<br><br>    Defendant. | Case No.  2:13-CV-00148-LRS<br><br><br>**STIPULATED PROTECTIVE ORDER** |

   The parties stipulate that the following Protective Order shall apply to all discovery in this case as set forth below.

   Pursuant to Fed. R. Civ. P. 26(c) and 29(b), it is hereby ORDERED that the following provisions shall apply:

<b>AGREEMENT</b>

   1.  This order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action, designated to be subject to this order.

   2.  Any party producing or filing documents or other materials in this action may designate such documents and material (or the information contained therein) as subject to this order, by typing or stamping "CONFIDENTIAL" on the front of the document or on the portion(s) of the document for which confidential treatment is

**Cosgrave Vergeer Kester LLP**
**Attorneys**
**888 SW Fifth Avenue, Suite 500**
**Portland, Oregon 97204**
**Telephone: (503) 323-9000 Facsimile: (503) 323-9019**

desired, if the party has a reasonable and good faith belief that the document or material contains (a) trade secret , (b) confidential research, development or commercial information, (c) private financial information, or (d) private employment information protected by law.  In any dispute over the designation of documents or material as "CONFIDENTIAL," the designating party shall have the burden of proving that the documents or material fall within one of those categories.

3.    If the non-designating party provides the designating party with written objection to the designation of documents or material as "CONFIDENTIAL," the designating party shall schedule a conferral conference to try to resolve the objection.  If the objections cannot be resolved at the conferral conference, the designating party shall file a motion with the court within 14 days after the conferral conference, or the material will not be subject to this order.  If a motion is timely filed by the designating party, the material will be subject to this order pending a ruling by the court.

4.    All documents or other material subject to this order shall not be used, directly or indirectly, by any person other than the producing party, for any business, commercial or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action, and only in the manner described in this order.

5.    Except with the prior written consent of the designating party or pursuant to court order, any document or material given confidential treatment under this order, and any information contained in or derived from any such materials, shall not be disclosed other than in the manner described in this order.  Additionally, such documents and material shall not be disclosed to any person other than:

   a.    Parties to this litigation;

   b.    Counsel for the respective parties to this litigation, and clerks, paralegals, secretaries or other employees of counsel;

   c.    Witnesses expected to be deposed, or expected to testify in court

**Cosgrave Vergeer Kester LLP**
**Attorneys**
**888 SW Fifth Avenue, Suite 500**
**Portland, Oregon 97204**
**Telephone: (503) 323-9000 Facsimile: (503) 323-9019**

or by affidavit or declaration, in this litigation;

      d.     Experts specially retained as consultants or expert witnesses in connection with this litigation.

6.     Documents or material produced pursuant to this order shall not be made available to any person designated in paragraphs 5(c) and (d) above, unless that person first reads this order and agrees in writing, using the form attached, to be bound by the terms of this order.

7.     The parties and their attorneys shall take all necessary and appropriate steps to preserve the confidentiality of, and to protect the rights of the party asserting confidential treatment, of any documents or material treated as confidential pursuant to the terms of this order.

8.     If confidential documents or material is disclosed to any person other than in a manner authorized by this order, the party responsible for the disclosure must immediately upon learning of the disclosure (a) bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment, and (b) make every effort to prevent further disclosure (either by the responsible party or by the person who received the confidential documents or material).

9.     Nothing in this order prohibits the use in this litigation of any information designated as "CONFIDENTIAL," as long as such use complies with and is consistent with the provisions of this order.

10.     No party or attorney shall file any confidential documents or material in the court record without first (a) notifying the other party's counsel of its intention and need to file such documents or material; and (b) allowing the other party's counsel at least 5 business days from the date of such notice to seek a court order requiring the subject documents or material to be filed under seal and/or to be reviewed by the court *in camera* if requested.  Until the court rules on the request for such an order, the documents and/or material at issue shall be withheld from filing.

Page 3 – STIPULATED PROTECTIVE ORDER              stip protective order

**Cosgrave Vergeer Kester LLP**
**Attorneys**
**888 SW Fifth Avenue, Suite 500**
**Portland, Oregon 97204**
**Telephone: (503) 323-9000 Facsimile: (503) 323-9019**

11.     Depositions are presumed to be confidential under the terms of this order, for a period of 30 days after receipt of the deposition transcript.  Thereafter, only the sections of the deposition transcript designated as "CONFIDENTIAL" shall remain as such.

12.     The court may, for good cause, modify this order or grant any party relief from the order.

13.     This order shall survive the final termination of this lawsuit.  Upon termination of the lawsuit, each party shall assemble and return to the other party all of the other party's documents and material designated as "CONFIDENTIAL" under this order.  In the alternative, upon the request of the producing party, each party shall destroy all of the other party's documents and material designated as "CONFIDENTIAL," and provide a signed sworn declaration certifying the destruction of those documents and material.

14.     The court shall retain jurisdiction to resolve any dispute concerning the use of the documents and material (including the information contained therein) disclosed under this Stipulated Protective Order.  The court may grant sanctions for improper use of those documents or material, and may impose such sanctions on its own motion or on the motion of a party to this action.

AGREED TO and STIPULATED to by the parties:


Dated:  September 25, 2014                     Dated:  September 25, 2014

ROBERT MITCHELL                              COSGRAVE VERGEER KESTER LLP
    ATTORNEY AT LAW, PLLC


/s/ Robert Mitchell                              /s/ Robert E. Sabido
Robert Mitchell, WSBA No. 37444              Robert E. Sabido, WSBA No. 29170
Attorneys for Plaintiff                          Attorneys for Defendant

**Cosgrave Vergeer Kester LLP**
**Attorneys**
**888 SW Fifth Avenue, Suite 500**
**Portland, Oregon 97204**
**Telephone: (503) 323-9000 Facsimile: (503) 323-9019**

# O R D E R

IT IS SO ORDERED this 29th day of September, 2014.

*s/James P. Hutton* **for**
United States Magistrate Judge

_____

Lonny R. Suko
United States District Court Judge

**Cosgrave Vergeer Kester LLP**
**Attorneys**
**888 SW Fifth Avenue, Suite 500**
**Portland, Oregon 97204**
**Telephone: (503) 323-9000 Facsimile: (503) 323-9019**

## **ACKNOWLEDGMENT**

I, _____, hereby acknowledge that I have read the Stipulated

Protective Order entered in *Richard Chase v. Delta Management Associates, Inc.*,

United State District Court, Eastern District of Washington, at Spokane, case no. 13-cv-

00148-LRS; that I understand its contents; and that I agree to be fully bound by the

terms of the Order.


_____                    _____

By:                                     DATE


Page 6 – STIPULATED PROTECTIVE ORDER                    stip protective order